IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHRISTOPHER KOFI NOBLE,<br><br>                    Defendant. | Case No. 3:18-cr-00099-TMB-1<br><br>**ORDER ON DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY FROM DENIAL OF 28 U.S.C. § 2255 MOTION [DKT. 91]** |

Before the Court is Defendant Christopher Kofi Noble's request for a certificate of appealability from the Court's denial of Noble's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 ("the Motion").[1] Noble seeks to appeal the point of "whether counsel was deficient under the Sixth Amendment for failing to inform Mr. Noble that under *Garza v. Idaho* he could direct counsel to file a notice of appeal from his sentence and conviction."[2]

By statute, prisoners cannot appeal final orders from their § 2255 proceedings "[u]nless a circuit justice or judge issues a certificate of appealability."[3] A judge may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] Courts must limit their examination to a "threshold inquiry" and consider only whether the District

---

[1] Dkt. 91 (Motion).

[2] *Id.* at 1.

[3] 28 U.S.C. § 2253(c)(1). *See also* Fed. R. App. P. 22(b)(1) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).").

[4] 28 U.S.C. § 2253(c)(2).

1

Court's decision was "debatable."[5] "[T]he only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"[6]

In this case, the Court's decision left no room for debate. Binding Supreme Court precedent holds that when a defendant did not clearly convey their wishes about appealing, counsel's failure to consult them about appealing constitutes ineffective assistance of counsel only if "there is reason to think (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[7]

At the time of his sentencing, Noble never gave counsel any express direction regarding an appeal, nor did he reasonably demonstrate any interest in appealing. Nor was Noble's situation one in which a rational defendant would want to appeal. Therefore, the Court concluded that there was no evidence counsel's performance was constitutionally deficient under applicable Supreme Court caselaw.[8] In the Court's view, no "jurists of reason" could disagree with its resolution of Noble's constitutional claims.[9]

//

//

---

[5] *Buck v. Davis*, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2003)).

[6] *Id.* at 773 (quoting *Miller-El*, 537 U.S. at 327).

[7] *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

[8] Dkt. 90 at 12–14 (Order on § 2255 Motion).

[9] *Buck*, 137 S. Ct. at 773.

For the foregoing reasons, the Court concludes that Noble's Motion for a certificate of appealability is without merit. Accordingly, Noble's Motion at Docket 91 is **DENIED**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 4th day of November, 2021.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE